ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HÉCTOR I. LÓPEZ MARRERO<br><br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Apelado | TA2025AP00322 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.: DEAC20250-673<br><br>Sobre: Revisión Boletos Tránsito y Obras Públicas |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece Héctor I. López Marrero ("señor López Marrero"), por derecho propio y en forma *pauperis*, mediante recurso de revisión administrativa, el cual acogemos como *certiorari*[1], y nos solicita que revoquemos una *Resolución* emitida el 30 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo ("TPI"). En virtud del referido dictamen, el TPI denegó el recurso de revisión por falta administrativa de tránsito incoado por el señor López Marrero.

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción, por tardío.

### I.

El 11 de marzo de 2025, el señor López Marrero instó un recurso de revisión de multa administrativa de tránsito ante el TPI.

---

[1] Ello, a tenor con el Artículo 4.006, incisos (b) y (e) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 21-2003, 4 LPRA sec. 24y (b), (e) y (u), que nos faculta a atender mediante auto discrecional de *certiorari* cualquier resolución u orden dictada por el Tribunal de Primera Instancia, así como para conocer sobre todo asunto determinado por ley especial. No obstante, mantenemos el alfanumérico asignado originalmente por la Secretaria de este Tribunal.

Tras la celebración de la vista de revisión, el foro de instancia denegó el recurso a través de una *Resolución sobre Recurso de Revisión de Multa Administrativa de Tránsito*, emitida el 30 de abril de 2025.

Inconforme, el 5 de septiembre de 2025, el señor López Marrero acudió ante nos mediante un escrito intitulado *Recurso de Revisión Judicial*. En dicho recurso, realizó los siguientes señalamientos de error:

> **El Tribunal mantuvo una determinación sin prueba alguna, pues el agente citado no compareció.**
>
> **Se violó el debido proceso de ley al privar al recurrente de una adjudicación justa, imparcial y basada en evidencia.**
>
> **El juez incurrió en prejuicio y parcialidad manifiesta, contrariando la obligación de imparcialidad judicial.**
>
> **Se contravino el Art. 23.05 de la Ley 22-2000, que requiere que toda determinación esté fundamentada en la prueba.**

Se autoriza la comparecencia del señor López Marrero por derecho propio y en forma *pauperis*. Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un

recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág 109, 215 DPR __ (2025).

-**B**-

La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.*

Atinente a la controversia que nos ocupa, la Regla 32 del Reglamento del Tribunal de Apelaciones dispone que el recurso deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya notificado la determinación recurrida. Regla 32 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 49-50.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestro más Alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso

dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024).

Cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

El señor López Marrero nos solicita que revisemos una determinación dictada el 30 de abril de 2025 por el foro de instancia. Conforme surge de la discusión que antecede, los recursos de *certiorari* deberán ser presentadas dentro del término de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación recurrida.

En el recurso que nos ocupa, el término para acudir ante esta Curia no fue interrumpido por una solicitud de reconsideración. Como resultado, la parte tenía hasta el 30 de mayo de 2025 para presentar su recurso de *certiorari*. No obstante, el señor López Marrero presentó su recurso el 5 de septiembre de 2025, es decir, más de tres (3) meses fuera del término previsto. Así dispuesto, resulta forzoso concluir que este Tribunal carece de jurisdicción para atender el recurso, debido a su presentación tardía.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción, por tardío.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones